# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Nicholas Dodge Bruesch, | ) |
| Plaintiff, | ) Case No. 3:13-cv-50 |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Brandi Netolicky, Lyle Mee, and Paul Belisle, | ) |
| Defendants. | ) |

Plaintiff Nicholas Dodge Bruesch ("Bruesch") submitted a proposed order directing the defendants to show cause why a preliminary injunction and temporary restraining order should not be issued, a brief in support of the proposed order, and a motion for a restraining order.[1] (Doc. #75, Doc. #75-1, Doc. #92). Despite the improper document titles, this court concludes that Bruesch requests a preliminary injunction.

Bruesch has previously sought preliminary injunctions in this action, and the court has denied his previous requests. (Report and Recommendation, Doc. #36; Order Adopting Report and Recommendation, Doc. #46; Report and Recommendation, Doc. #73; Order Adopting Report and Recommendation, Doc. #81). Bruesch filed one of the current motions (Doc. # 75) while a Report and Recommendation regarding three previous requests for a preliminary injunction was pending before the court. The district judge determined that, to the extent the motion (Doc. # 75) could be construed as an objection to the Report and Recommendation, nothing presented in that motion led the court to find the Report and Recommendation's analysis

---

[1] The Clerk of Court filed the documents as a motion for an order to show cause, a motion for a preliminary injunction, a motion for a temporary restraining order, and a motion for a restraining order. (Doc.#75, Doc. #92).

to be incorrect or to find that injunctive relief was warranted. (See Order Adopting Report and Recommendation, Doc. #81).

**Summary of Recommendation**

Bruesch has not met his burden of demonstrating he is entitled to injunctive relief under Dataphase Sys., Inc. v. C.L. Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981). It is **RECOMMENDED** that Bruesch's requests for a preliminary injunction (Doc. #75, Doc. #92) be **DENIED**.

**Background**

Bruesch filed a complaint alleging violations of 42 U.S.C. § 1983, specifically alleging that defendants have denied him access to the courts. (Complaint, Doc. #10). His complaint alleges (1) he was denied access to his legal materials when he was first transferred to the James River Correctional Center ("JRCC") from the North Dakota State Penitentiary (NDSP), and (2) that since his arrival at JRCC his access to legal materials and to the law library has been restricted. Id. at pp. 3-6. Bruesch contends he missed deadlines and could not file proper documents in another action (D.N.D. Case No. 1:12-cv-83) because he had restricted access to legal materials.[2] Id. at p. 5.

Defendants, though affidavit, explain that Bruesch's access to the law library at JRCC is dependent upon his behavior. (Doc. #79-1). Defendants acknowledge that Bruesch has not had access to the law library at various times, but state that he has recently utilized the law library on several occasions. Id. Defendants state that when Bruesch is aggressive towards staff, he is

---

[2] The court has provided a more detailed recitation of the background facts in two previous Reports and Recommendations. (See Doc. #36, Doc. #73).

required to have his hands restrained behind his back, and because of that requirement he is not allowed to go to the law library, but is allowed visits with the law librarian. Id. If Bruesch acts aggressively toward staff, he is required to display appropriate behavior for three days before again being allowed out of his cell with his hands restrained in the front rather than in the back. Id. When the restraints are in the front Bruesch has access to the law library. Id.

Bruesch's recent motions allege that his transfer from NDSP to JRCC was without due process, that the law librarian lacks the knowledge to meaningfully assist him,[3] that defendant Brandi Netolicky ("Netolicky") retaliated against Bruesch by not designating him as a lower security risk, and that an employee at JRCC, who is not named as a defendant in this action, told Bruesch the employee had access to funds to purchase legal materials, but "he would not get involved pending this lawsuit." (Doc. #75, pp. 2, 4-6). Bruesch also asserts that from October through December 2014 Netolicky, who had been promoted to Chief of Security, made a decision to keep Bruesch "locked down" longer than he should have been after an incident between Bruesch and a Special Assistance Unit case manager,[4] that Netolicky did not allow Bruesch to be placed in the general population over the objections of other staff members,[5] and that Netolicky placed Bruesch in "lock down status" without affording him due process after he was involved in a "pet[t]y fight." (Doc. #92).

---

[3] In Bruesch's previous motions he also asserted the law librarian lacks the knowledge to meaningfully assist him.

[4] The Special Assistance Unit "provides services to inmates whose unique needs or mental health problems lead to disruptive or otherwise problematic behavior serious enough to endanger the safety and security of the inmate, prison population, and/or staff." (Aff. of Mee, Doc. #79-1, ¶5).

[5] Bruesch contends the Warden ultimately allowed him to be released to general population. (Doc. #92).

Bruesch seeks an order enjoining defendants from (1) failing to provide him with "proper legal books and research materials," (2) denying him access to the law library, and (3) retaliating against him by denying him "equal treatment," i.e., designating him as a lower security risk, "manipulating . . . [p]olicies and [p]rocedures," and filing disciplinary reports to harass him. (Doc. #75-1). Bruesch also seeks an order enjoining Netolicky from interacting with Bruesch and from retaliating against him. (Doc. #92, p. 6). Finally, Bruesch requests that a court official be appointed "to aid in an investigation into plaintiff[']s claims." Id.

**Law and Discussion**

"[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (citation omitted). Bruesch's complaint alleges only that he was denied his legal materials when he arrived at JRCC, and that since that time he has been denied access to the law library and to legal materials. Bruesch's complaint raised no claims regarding unequal treatment, retaliation, harassment, due process, his designation as a security risk, or defendants' alleged policy manipulation. These new claims cannot form a basis for a preliminary injunction in this case. See Id. Accordingly, it is **RECOMMENDED** that Bruesch's motions be denied with respect to the new claims, which are not a part of his complaint.

The court now turns to the access to the court claims which were raised in the complaint. In considering whether to grant a preliminary injunction, the court must consider the following factors: "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the

probability that movant will succeed on the merits; and (4) the public interest." Dataphase, 640 F.2d at 113. "The party seeking injunctive relief bears the burden of proving all the Dataphase factors." Watkins Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003) (citing Gelco Corp. v. Coniston Partners, 811 F.2d 414, 418 (8th Cir. 1987)).

1.     **Irreparable Harm**

"In order to demonstrate irreparable harm, a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." Novus Franchising, Inc. v. Dawson, 725 F.3d 885, 895 (8th Cir. 2013) (quoting Iowa Utils. Bd. v. Fed. Commc'ns Comm'n, 109 F.3d 418, 425 (8th Cir. 1996)). Plaintiff must "demonstrate that irreparable injury is *likely* in the absence of an injunction." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (citations omitted). Although no factor is determinative, Dataphase, 640 F.2d. at 113, "[f]ailure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction," Watkins, 346 F.3d at 844.

Bruesch alleges that his "liberty, life and property" are "at stake," and that without a preliminary injunction defendants will continue to violate his rights. (Doc. #75, p. 7). Bruesch's statements are conclusory, speculative, and not sufficient to demonstrate likely irreparable harm. See Winter, 555 U.S. at 22 ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.") (citing Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)); Local Union No. 884, United Rubber, Cork, Linoleum, & Plastic Workers of Am. v. Bridgestone/Firestone, Inc., 61 F.3d 1347, 1355 (8th Cir.1995) (Possible or speculative harm is not sufficient.). It is undisputed that

Bruesch has access to the law library when his behavior meets defined expectations. When Bruesch's behavior is aggressive and he is prohibited from being in the law library, he has access to the law librarian. He acknowledges that the law librarian can help find legal materials. (See Doc. #65, p. 5). Bruesch has not alleged any irreparable harm that he might suffer should the court not issue a preliminary injunction. His failure to meet his burden of demonstrating likely irreparable injury is by itself sufficient reason to deny Bruesch's motions.

**2.     Balance of the Harms**

In considering the balance of harms, a court must recognize that mandating that Bruesch have unlimited access to the law library would be an intrusion by the court into the administration of JRCC. "[I]n the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (quoting Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982)). The defendants have legitimate safety, security and resource concerns that favor reasonably limiting an inmate's access to a prison law library.

**3.     Likelihood of Success on the Merits**

One of the elements Bruesch must prove to succeed on his claim is that he experienced "actual injury." There is no question that prisoners have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977), but an inmate who alleges a denial of access to the courts is required to show actual injury. Lewis v. Casey, 518 U.S. 343, 349 (1996)."To prove actual injury, [plaintiff] must 'demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded.'" White v. Kautzky, 494 F.3d 677, 680 (8th Cir. 2007) (quoting Lewis, 518 U.S. at 354).

6

Bruesch's complaint alleges that the delay in receiving his legal materials when he was transferred to JRCC and the restrictions on his law library access caused him to miss deadlines in Bruesch v. Flanagan, D.N.D. Case No. 1:12-cv-83. (Doc. #10, p. 5). Bruesch also contends that he could not "file proper motions, memorandums, and supporting documents" because of his lack of access to legal materials. Id.

The court takes judicial notice of the docket in Bruesch v. Flanagan, D.N.D. Case No. 1:12-cv-83. The court identifies no deadlines which Bruesch missed in that case. Id. Defendants in that action filed a motion for summary judgment on February 8, 2013. Id. at Doc. #55. Bruesch requested and received an extension to respond to defendants' motion. Id. at Doc. #59, Doc. #60. The court extended the deadline for Bruesch to respond to the motion a second time after the defendants advised the court that not all of Bruesch's property was transferred to JRCC with him, and that Bruesch would receive his legal materials on April 23, 2013. Id. at Doc. #70. The court allowed Bruesch until June 1, 2013, to respond to defendants' motion for summary judgment. Id. Bruesch filed his response on May 24, 2013. Id. at Doc. #79. A Report and Recommendation was issued on March 17, 2014, recommending that defendants' motion for summary judgment be granted and that Bruesch's complaint be dismissed with prejudice. Id. at Doc. #120. Bruesch was granted additional time to object to the Report and Recommendation. Id. at Doc. #122. On April 24, 2014, Bruesch filed a timely objection. Id. at Doc. #124; Doc. #125.

There were many motions filed in Case No. 1:12-cv-83, including at least twenty filed by Bruesch, and it appears Bruesch met all deadlines. Bruesch has not offered specific facts to identify any motions that he was prevented from filing, how any of his pleadings were lacking in

7

substance due to his restricted access to legal materials, or how he was prevented from making any arguments in Case No. 1:12-cv-83. Bruesch has not demonstrated how his restricted access to the law library hindered his efforts to pursue his claims, and he has not set forth specific facts showing that the restricted access caused him to lose the case. Given the information presently before the court, it is unlikely that Bruesch would succeed on the merits of his claim of denial of access to the courts because he has not demonstrated actual injury.

**4.     Public Interest**

There is a public interest in protecting the constitutional rights of inmates. However, there is also a public interest in ensuring the security and safety of the inmates and staff at JRCC, and in providing for the efficient use of the facility's resources. Given the specific circumstances of this case, including that Bruesch's behavior has not met the expectations defined for him by JRCC staff, and that the other Dataphase factors weigh in favor of denying injunctive relief, the court's intervention into the administration of JRCC is not warranted.

**5.     Request for Court Investigation**

Bruesch's motion includes a request that a court official investigate his claims, but he has cited no legal basis for that request. The court does not have authority to appoint an investigator as Bruesch requests.

**Conclusion**

All of the Dataphase factors weigh against granting injunctive relief. Bruesch's current law library access is dependent on his behavior being appropriate for three successive days.

Additionally, Bruesch's new claims, not raised in his complaint, cannot provide the basis for a preliminary injunction.

8

It is **RECOMMENDED** that Bruesch's motions for a preliminary injunction (Doc. #75, Doc. #92) be **DENIED**, and that his request that a court official investigate his claims be **DENIED**.

Dated this 3rd day of February, 2015.

    /s/ *Alice R. Senechal*
Alice R. Senechal
United States Magistrate Judge

**NOTICE OF RIGHT TO OBJECT**

Pursuant to Rule 72(a) and (b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(2) and (3), any party may object to this Report and Recommendation and by filing with the Clerk of Court no later than **February 17, 2015**, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.