# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Nicholas Dodge Bruesch, | ) |
| Plaintiff, | ) Case No. 3:13-cv-50 |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Brandi Netolicky, Lyle Mee, and Paul Belisle, | ) |
| Defendants. | ) |

Plaintiff Nicholas Dodge Bruesch ("Bruesch"), an inmate at the James River Correctional Center ("JRCC"), filed a complaint alleging violations of 42 U.S.C. § 1983, specifically that defendants have denied him access to the courts. (Complaint, Doc. #10). Bruesch seeks monetary damages and injunctive relief against the defendants in both their individual and official capacities. Id. Defendants filed a motion for summary judgment, and that motion has been fully briefed by the parties. (Doc. #78, Doc. #79, Doc. #85, Doc. #87).

## Summary of Recommendation

Bruesch has failed to establish a violation of his right to access the courts because he has not established that he suffered an actual injury. See Lewis v. Casey, 518 U.S. 343 (1996). Actual injury is a jurisdictional requirement and is necessary to establish standing. Id. at 349-50. Accordingly, it is **RECOMMENDED** that defendants' motion for summary judgment (Doc. #78) be **GRANTED** and Bruesch's complaint (Doc. #10) be **DISMISSED** without prejudice.

## Facts

On April 2, 2013, Bruesch was transferred from the North Dakota State Penitentiary ("NDSP") to JRCC, but his personal property and legal materials were not transported with him. (Complaint, Doc. #10, p. 3). When Bruesch arrived at JRCC he was placed in the Special

Assistance Unit ("SAU").[1] Defendant Lyle Mee ("Mee"), a Case Manager in the SAU, contacted Paul Belisle ("Belisle"), who is employed at the NDSP, and requested that Bruesch's legal materials be sent to JRCC. (Complaint, Doc. #10, p. 4; Aff. of Mee, Doc. #79-1, ¶6). Bruesch received his legal materials on April 23, 2013, twenty-one days after he arrived at JRCC. (Aff. of Mee, Doc. #79-1, ¶7).

Bruesch's complaint alleges that on April 23, 2013, the day he received his legal materials, Attorney Douglas Bahr,[2] who represented other state defendants in another action Bruesch had pending before this court, see Bruesch v. Flanagan, D.N.D. Case No. 1:12-cv-83, contacted the SAU at JRCC. (Complaint, Doc. #10, pp. 4-5). Bruesch alleges that Bahr's contact with the SAU resulted in restrictions being placed on Bruesch's access to legal materials and to the law library at JRCC. Id. Bruesch contends he missed deadlines and could not file proper documents in his other federal action because of the delay in receiving his legal materials and because of his restricted access to legal materials. Id. at p. 5.

Defendants explain that Bruesch's access to the law library at JRCC is dependent upon his behavior. (Aff. Of Mee, Doc. #79-1). Defendants acknowledge that Bruesch has not had access to the law library at various times, but note that he has recently utilized the law library on several occasions. Id. Defendants state that when Bruesch is aggressive towards staff, he is required to have his hands restrained behind his back when he is out of his cell, and because of

---

[1] The SAU "provides services to inmates whose unique needs or mental health problems lead to disruptive or otherwise problematic behavior serious enough to endanger the safety and security of the inmate, prison population, and/or staff." (Aff. of Mee, Doc. #79-1, ¶5).

[2] Attorney Douglas Bahr assumed representation of the defendants in this action on October 1, 2014. (See Notice of Substitution, Doc. #80).

that requirement he is not allowed to go to the law library, but is allowed visits with the law librarian. Id. If Bruesch acts aggressively toward staff, he is required to display appropriate behavior for three days before again being allowed out of his cell with his hands restrained in the front rather than in the back. Id. When the restraints are in the front Bruesch has access to the law library. Id.

Bruesch admits he has access to the law library when he "reaches a certain priv[i]lege level" and after he receives approval from the shift captain. (Doc. #85-1, pp. 6-7). Bruesch states he is allowed up to thirty minutes a day in the library and acknowledges that the "Lexis Nexis system is updated." Id. at p. 7. However, he contends that utilizing the computer while in handcuffs is "burdensome," and that the law library needs updated legal books. Id.

Bruesch also admits that when he is not permitted access to the law library, he is allowed visits with the law librarian, though the visits are limited in duration. Id. at p. 8. Finally, Bruesch notes that in the past he was forced to choose between going to the library and having outdoor recreation time; however, he acknowledges that he is no longer required to make that choice. Id.

**Summary Judgment Standard**

Summary judgment is appropriate if there is not a genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. Pro. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Rule 56 of the Federal Rules of Civil Procedure "mandates the entry of summary judgment . . . against a party failing to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex, 477 U.S. at 322. The burden is on the moving party to establish the basis for its motion. Donovan v. Harrah's Md. Heights Corp., 289 F.3d 527, 529 (8th Cir. 2002). If the moving party has adequately supported

3

its motion for summary judgment, the nonmoving party has an affirmative burden to go beyond the pleadings and show a genuine triable issue of fact. Commercial Union Ins. Co. v. Schmidt, 967 F.2d 270, 271 (8th Cir. 1992). The court must view the facts in the light most favorable to the nonmoving party, who enjoys "the benefit of all reasonable inferences to be drawn from the facts." Vacca v. Viacom Broadcasting of Missouri, Inc., 875 F.2d 1337, 1339 (8th Cir. 1989) (citation omitted).

## Discussion

**1.    Actual Injury**

One of the elements Bruesch must prove to succeed on his claim is that he experienced "actual injury." There is no question that prisoners have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977), but an inmate who alleges a denial of access to the courts is required to show actual injury in order to prevail. Lewis, 518 U.S. at 349 (1996)."To prove actual injury, [plaintiff] must 'demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded.'" White v. Kautzky, 494 F.3d 677, 680 (8th Cir. 2007) (quoting Lewis, 518 U.S. at 354).

Although defendants have not characterized their position in terms of lack of standing, in this court's opinion, that is an issue to be addressed at the threshold. Article III of the Constitution limits the jurisdiction of federal courts to actual cases or controversies. City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983). "A central component of the 'case or controversy' requirement is standing." Hammer v. Sam's East, Inc., 754 F.3d 492, 497 (8th Cir. 2014) (quoting Lance v. Sam's East, Inc., 549 U.S. 437, 439 (2007)). To establish standing, the plaintiff must have suffered an injury in fact that is concrete and particularized, and actual or

imminent, not conjectural or hypothetical. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (internal quotations and citations omitted); see also Lewis, 518 U.S. at 349 (explaining that the requirement that an inmate alleging a denial of access to the courts show actual injury "derives from the doctrine of standing"). If a plaintiff fails to demonstrate an actual injury, then plaintiff lacks standing to pursue the claim and the court lacks jurisdiction. See White, 494 F.3d at 680 ("Because the actual injury requirement concerns the prisoner's standing to bring a claim, and thus our jurisdiction, and because we avoid unnecessarily deciding constitutional issues, we will first consider whether [plaintiff] suffered any actual injury.").

The court takes judicial notice of the docket in Bruesch v. Flanagan, D.N.D. Case No. 1:12-cv-83. The court identifies no deadlines which Bruesch missed in that case. Id. Defendants in that action filed a motion for summary judgment on February 8, 2013. Id. at Doc. #55. Bruesch requested and received an extension to respond to defendants' motion. Id. at Doc. #59, Doc. #60. The court extended the deadline for Bruesch to respond to the motion a second time after the defendants advised the court that not all of Bruesch's property was transferred to JRCC with him, and that Bruesch would receive his legal materials on April 23, 2013. Id. at Doc. #70. The court allowed Bruesch until June 1, 2013, to respond to defendants' motion for summary judgment. Id. Bruesch filed his response on May 24, 2013, a week prior to the deadline. Id. at Doc. #79. A Report and Recommendation was issued on March 17, 2014, recommending that defendants' motion for summary judgment be granted and that Bruesch's complaint be dismissed with prejudice. Id. at Doc. #120. Bruesch was granted additional time to object to the Report and Recommendation. Id. at Doc. #122. On April 24, 2014, Bruesch filed a timely objection. Id. at Doc. #124; Doc. #125.

5

There were many motions filed in Case No. 1:12-cv-83, including at least twenty filed by Bruesch, and it appears Bruesch met all deadlines. Bruesch has not offered specific facts to identify any motions that he was prevented from filing, how any of his pleadings were lacking in substance due to his restricted access to legal materials, or how he was prevented from making any arguments in Case No. 1:12-cv-83. Bruesch has not demonstrated how delay in the receipt of his legal materials and his restricted access to the law library hindered his efforts to pursue his claims, and he has not set forth specific facts showing that the restricted access caused him to lose the case.

In Bruesch's response to defendants' motion for summary judgment Bruesch contends he suffered an actual injury when he "file[d] a complaint . . . with errors," and because "an inmate could not look up and respond to legal arguments of his opponent." (Doc. #85-1, pp. 17-19). Bruesch has not identified the case to which he refers, and he has not specified what errors were in the complaint or how the errors frustrated or impeded a nonfrivolous legal claim. The court notes that the complaint in Case No. 1:12-cv-83 was filed nearly nine months before Bruesch was transferred to JRCC, so that could not have been affected by the lack of access alleged in this case. Bruesch v. Flanagan, D.N.D. Case No. 1:12-cv-83, Doc. #5 (complaint submitted for filing on July 13, 2012). Additionally, Bruesch does not contend he was personally prevented from responding to legal arguments. Even if the court infers that is Bruesch's allegation, Bruesch does not provide specific facts supporting his allegation. General factual allegations of injury resulting from the defendants' conduct may suffice at the pleading stage, but in response to a motion for summary judgment "plaintiff can no longer rest on such mere allegations," but must set forth specific facts. Lewis, 518 U.S. at 358.

Bruesch has failed to demonstrate he suffered any actual or imminent concrete injury resulting from the delay in the receipt of his legal materials, or from his restricted access to legal materials and to the law library at JRCC. Bruesch therefore lacks standing to pursue his claim.

**2.     Qualified Immunity**

If summary judgment is not granted on the basis of lack of standing, the court must analyze the issues raised in defendants' brief. Defendants contend they are entitled to qualified immunity. Qualified immunity shields government officials from liability unless their conduct violated a clearly established constitutional or statutory right of which a reasonable person would have known. Henderson v. Munn, 439 F.3d 497, 501 (8th Cir. 2006) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). To defeat a claim of qualified immunity, a plaintiff must present sufficient facts to show both that the official's conduct violated a constitutional right, and that the constitutional right was clearly established. Saucier v. Katz, 533 U.S. 194, 201 (2001). As noted above, Bruesch has failed to state a claim for denial of access to the courts because he cannot prove actual injury, and therefore the defendants are entitled to qualified immunity in their individual capacities with respect to Bruesch's claim for monetary damages.

**3.      Official Capacity Claims - Monetary Damages**

A suit against a state employee in his or her official capacity is considered to be a suit against the state. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Quern v. Jordan, 440 U.S. 332, 337 (1979); Edelman v. Jordan, 415 U.S. 651, 663 (1974). States enjoy immunity from suit for damages in federal courts under the Eleventh Amendment. Will, 491 U.S. at 66. It is well established that a state is immune from suit for damages under 42 U.S.C. § 1983. Id. (a state and its agencies are not "persons" within the meaning of section 1983); Monroe v.

7

Arkansas State University, 495 F.3d 591, 594 (8th Cir. 2007). A state's immunity also extends to state agencies and institutions as well to state employees who are sued in their official capacities. Will, 491 U.S. at 71. The State of North Dakota has not waived its Eleventh Amendment immunity. See N.D. Cent. Code § 32-12.2-10. Bruesch has failed to state a claim for monetary damages against the defendants in their official capacities upon which relief can be granted.

**4.     Injunctive Relief**

Bruesch seeks an injunction "to make sure others have access to utilize the[ir] Fundamental Right." (Complaint, Doc. #10, p. 9). First, to the extent Bruesch seeks to assert the rights of other inmates, he lacks standing. A prisoner may not assert the rights of other prisoners. See Singleton v. Wulff, 428 U.S. 106, 116 (1976) (holding one may not claim standing to vindicate the constitutional rights of others); Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994) (plaintiffs may not assert a denial of access to the courts claim on behalf of other prisoners). However, liberally construing Bruesch's complaint, the court interprets Bruesch as also seeking prospective injunctive relief on his own behalf.

Second, even if Bruesch had demonstrated he suffered an actual injury, Bruesch does not have standing to seek prospective injunctive relief against defendant Paul Belisle (a NDSP employee) since Bruesch is no longer confined at NDSP, and so no longer has contact with Belisle. To have standing to seek prospective relief Bruesch must show he is "likely to suffer future injury that will be remedied by the relief sought." Elizabeth M. v. Montenez, 458 F.3d 779, 784 (8th Cir. 2006) (citation omitted). A claim seeking to alter the conditions at a penal institution "normally becomes moot when the plaintiff is no longer subject to the challenged conditions." Id. (citing Inmates of Lincoln Intake & Det. Facility v. Boosalis, 705 F.2d 1021,

1023-24 (8th Cir. 1983)). Bruesch is no longer confined at NDSP and has not demonstrated he will suffer a future injury at the facility which could be remedied through prospective relief against Belisle or any other NDSP employee.

Lastly, Bruesch is not entitled to prospective injunctive relief against defendants Brandi Netolicky and Lyle Mee.[3] Bruesch has not set forth specific facts demonstrating he suffered an actual injury. Therefore, Bruesch is not entitled to injunctive relief. "The remedy must . . . be limited to the inadequacy that produced the injury in fact that plaintiff has established." Lewis, 518 U.S. at 357.

## Conclusion

Bruesch has failed to demonstrate he suffered any actual or imminent injury, as is required to state a claim for denial of access to the courts and to establish standing. Accordingly, it is **RECOMMENDED** that:

(1) Defendants' motion for summary judgment (Doc. #78) be **GRANTED** on grounds other than those which defendants raised;[4]

(2) Bruesch's complaint (Doc. #10) be **DISMISSED** without prejudice for lack of jurisdiction; and

(3) The court find that any appeal would be frivolous, could not be taken in good faith, and may not be taken in forma pauperis.

---

[3] Defendants contend Bruesch cannot seek injunctive relief against the defendants in their individual capacities. (Doc. #79, pp 11-12). It is not necessary for the court to differentiate between the defendants' individual and official capacities on the injunctive relief claims because Bruesch has failed to state a claim upon which relief can be granted.

[4] Alternatively, defendants' motion for summary judgment should be granted on the grounds raised in defendants' brief, if it is not granted on the basis of lack of standing.

Dated this 3rd day of February, 2015.

                                                /s/ *Alice R. Senechal*
                                                Alice R. Senechal
                                                United States Magistrate Judge

**NOTICE OF RIGHT TO OBJECT**

Pursuant to Rule 72(a) and (b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(2) and (3), any party may object to this Report and Recommendation and by filing with the Clerk of Court no later than **February 17, 2015**, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.